Filed 6/7/21  P. v. Ramos CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080918 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF330241) |
| v. | |
| ROBERT RAMIREZ RAMOS, | **OPINION** |
| Defendant and Appellant. | |

## <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

John Steinbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Smith, J. and Meehan, J.

# INTRODUCTION

In this case, defendant Robert Ramirez-Ramos was charged on January 26, 2016, with willful infliction of corporal injury to a spouse, cohabitant or child's parent, in violation of Penal Code section 273.5, subdivision (a).[1, 2] He pled guilty to the charge on February 26, 2016, and, following placement in a domestic violence court program, was granted probation for three years, subject to certain terms and conditions.

On February 26, 2018, defendant was charged in Tulare Superior Court case No. VCF361905B in connection with two attempted murders.[3] On November 22, 2019, following a jury trial that included two codefendants, defendant was convicted of shooting at an occupied motor vehicle with attached gang and firearm enhancements. (§§ 246, 186.22, subd. (b), 12022.53, subds. (c), (e)(1).)

At a combined sentencing hearing, defendant was sentenced to a term of 15 years to life in prison in Tulare Superior Court case No. VCF361905B. In this case, the trial court terminated probation and committed defendant to prison for the upper term of four years, concurrent to the term imposed in Tulare Superior Court case No. VCF361905B. In addition, the court imposed, without objection, a restitution fine of $600 under section 1202.4, subdivision (b)(1); a parole revocation restitution fine of $600 under section 1202.45, subdivision (a), suspended; a court operations assessment of $40 under section 1465.8; and a court facilities assessment of $30 under Government Code section 70373. Noting an inability to pay, the court did not impose costs for legal assistance. (§ 987.8.)

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] As the facts underlying the crime are not relevant to the issues raised on appeal, we do not summarize them further.

[3] Defendant's appeal in Tulare Superior Court case No. VCF361905B is pending before this court in case no F080916. We take judicial notice of the record in that appeal. (Evid. Code, §§ 452, subd. (d), 459.)

On appeal, defendant requests remand for an ability-to-pay hearing, pursuant to the Court of Appeal's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).[4]  Although he did not object during sentencing, he disputes that he forfeited the claim and asserts that, one, the trial court completely failed to exercise discretion and, two, the sentence was unauthorized because the court acted in excess of its jurisdiction.

The People contend that defendant forfeited his *Dueñas* claim by failing to object. On the merits, they contend that the restitution fine imposed was constitutional under both the Eighth Amendment and due process principles, and imposition of the nonpunitive court assessments without determining his ability to pay was harmless error. However, they urge that defendant's challenge to the punitive fines be limited to the Eighth Amendment and his challenge to any nonpunitive fines and assessments be addressed under due process principles set forth in *Dueñas*.

We conclude defendant forfeited review of his *Dueñas* claim by failing to object and we affirm the judgment.

## DISCUSSION

The failure to object in the trial court generally forfeits a claim on appeal and this principle is applicable to constitutional claims.  (*People v. McCullough* (2013) 56 Cal.4th

---

**4**     Pursuant to Government Code section 68081, we issued a letter inviting the parties to address whether defendant complied with Penal Code section 1237.2, which provides, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."  In response, defendant requested relief in the trial court and a stay of this appeal.  We granted the stay and the trial court subsequently denied defendant's request for relief, thereby perfecting the appeal.  Accordingly, the stay of this appeal is hereby lifted.

3.

589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) "'[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.'" (*In re Sheena K.*, *supra*, at pp. 887–888, fn. 7.)

In this case, defendant was sentenced on January 23, 2020, which was more than one year after the Court of Appeal issued its decision in *Dueñas*. Despite having the benefit of *Dueñas* and a statutory right to object under section 1202.4, subdivisions (c) and (d), defendant did not object to the $600 restitution fine or to the $70 in court assessments. Under these circumstances, defendant forfeited appellate review of his claim. (*In re Sheena K.*, *supra*, 40 Cal.4th at pp. 880–881; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033–1035; *People v. Taylor* (2019) 43 Cal.App.5th 390, 399–400; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)

Defendant attempts to avoid the forfeiture bar on grounds that the trial court failed entirely to exercise its discretion in imposing the fines and assessments and that the court imposed an unauthorized sentence. We are unpersuaded.

Relevant to defendant's first argument, "'[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *People v. Flores* (2020) 9 Cal.5th 371, 431–432; *People v. Yanaga* (2020) 58 Cal.App.5th 619, 625.) However, "[i]n the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law'" (*People v. Thomas* (2011) 52 Cal.4th 336, 361), and

4.

"""error must be affirmatively shown""" (*People v. Giordano* (2007) 42 Cal.4th 644, 666).

As previously stated, defendant had a statutory right to object to the restitution fine, the decision in *Dueñas* predated his sentencing by approximately one year, and the record does not reflect that the trial court lacked awareness of the scope of its jurisdiction. Therefore, defendant's claim that the trial court failed to exercise informed discretion fails.

Defendant's contention that the trial court imposed an unauthorized sentence fails as well. In *People v. Avila*, the California Supreme Court rejected a challenge on this ground to the imposition of a $10,000 restitution fine under section 1202.4, explaining, "Had [the] defendant brought his argument to the court's attention, it could have exercised its discretion and considered defendant's ability to pay, along with other relevant factors, in ascertaining the fine amount. Under the … statute, … a fine in any amount greater than the statutory minimum, and up to $10,000, is subject to the court's discretion. (§ 1202.4, subds. (b)(1), (d).) Moreover, … a defendant bears the burden of demonstrating his inability to pay, and express findings by the court as to the factors bearing on the amount of the fine are not required." (*People v. Avila* (2009) 46 Cal.4th 680, 729.)

Based on the foregoing, review of defendant's *Dueñas* claim is forfeited and we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

5.